THE GUILD OF PRESCRIPTION OPTICIANS OF NEW JERSEY, INC., A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY, THE SOCIETY OF DISPENSING OPTICIANS OF NEW JERSEY, INC., A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY, AND ROBERT C. TROAST, PETITIONERS, v. STATE BOARD OF EXAMINERS OF OPHTHALMIC DISPENSERS AND OPHTHALMIC TECHNICIANS, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 16, 1969—Decided June 26, 1969.

260

Before Judges SULLIVAN, FOLEY and LEWIS.

*Mr. Robert P. McDonough* argued the cause for petitioners (*Messrs. McDonough, Murray & Meeker,* attorneys).

*Mr. Douglas J. Harper,* Deputy Attorney General, argued the cause for respondent (*Mr. Stephen Skillman,* Deputy Attorney General, of counsel; *Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

PER CURIAM. This matter comes before us on a petition for declaratory judgment under *R. R.* 4:88–10. The petition challenges the validity of administrative *Rule* 37 adopted by respondent, State Board of Examiners of Ophthalmic Dispensers and Ophthalmic Technicians, a State administrative agency created under the act regulating the practice of ophthalmic dispensing and ophthalmic technicianry. *N. J. S. A.* 52:17B–41.1 *et seq.*

*Rule* 37 permits a licensed apprenticeship, for the purpose of ultimately qualifying as a licensed ophthalmic dispenser or licensed ophthalmic technician, to be served under a licensed ophthalmic dispenser or licensed ophthalmic technician, "or a physician or optometrist duly licensed to practice medicine or optometry in the the State of New Jersey who is qualified to train apprentices. * * *"

Petitioners charge that the portion of the *Rule* quoted above is invalid because it is contrary to the act which provides that a candidate for a license to practice ophthalmic

dispensing or ophthalmic technicianry must have served a registered apprenticeship under the supervision of a licensed ophthalmic dispenser or licensed ophthalmic technician. *N. J. S. A.* 52:17*B*-41.9.

■■ We find no merit in petitioners' contentions. The act specifically exempts duly licensed physicians and optometrists from its provisions and must be read in harmony with the statutes regulating the practice of medicine and optometry. It is undisputed that a physician qualified in the field of ophthalmology and an optometrist may do their own ophthalmic dispensing and technicianry. No good reason appears why they may not have apprentices serve under their supervision in these fields.

■ It is to be noted that, except for a 17-month *hiatus,* the adoption of *Rule 37* formalizes a long-standing administrative practice established contemporaneously with the enactment of the act in question in 1952 and continued to date. Such interpretation, particularly where initiated contemporaneously with the passage of the act being administered, must be accorded great weight on judicial review, and may not be lightly overruled or disregarded. *Pringle v. N. J. Dept. of Civil Service,* 45 *N. J.* 329 (1965).

A declaratory judgment will be entered upholding the validity of *Rule 37.*